**NOT FOR PUBLICATION**

FILED

SEP 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30366 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-02047-RHW-1 |
| v. | |
| HORACIO MANCILLA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted August 29, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and RAKOFF, Senior District
Judge.[**]

Horacio Mancilla appeals the district court's order denying his motion to

suppress evidence obtained from what Mancilla claimed was an unlawful stop of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

the vehicle in which he was riding. We have jurisdiction under 28 U.S.C. § 1291. We review questions of law de novo and findings of fact for clear error. *United States v. Sandoval*, 390 F.3d 1077, 1080 (9th Cir. 2004). We affirm the district court.

The record indicates that the facts known to the officers who stopped Mancilla's vehicle, when combined with reasonable inferences, were sufficient to create reasonable suspicion to stop the vehicle. *See United States v. Hartz*, 458 F.3d 1011, 1017 (9th Cir. 2006) ("Reasonable suspicion exists if 'specific, articulable facts . . . together with objective and reasonable inferences' suggest that the persons detained by the police are engaged in criminal activity." (alteration in original)). The model, color, and number of occupants in the stopped vehicle closely, though not perfectly, matched the reporting party's description of the vehicle chasing her. It was reasonable for the district court to infer that, in a small rural town like Sunnyside, Washington, it is unlikely that officers would see more than a few vehicles in reasonable proximity to the predicted area of travel at 1:00 a.m., and even less likely that there would be more than one vehicle that matched the reporting party's description. *See United States v. Berber-Tinoco*, 510 F.3d 1083, 1091 (9th Cir. 2007) ("[T]he judge's statement that there would be little traffic on the road at 10:30 at night could be reasonably inferred from the officers'

testimony . . . .").  That this is so is evidenced by Officer Hernandez's statement in his police report that Mancilla's vehicle was "the only silver car around." Accordingly, we agree with the district court that the police had a lawful basis to stop the defendant's vehicle.

**AFFIRMED**.